■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v EDWARD SAINVIL, Respondent. [625 NYS2d 576] —Appeal by the People from an order of the Supreme Court, Queens County (Finnegan, J.), dated November 15, 1993, which granted the defendant's motion pursuant to CPL 30.30 to dismiss the indictment.

Ordered that the order is reversed, on the law, the defendant's motion to dismiss the indictment is denied, the indictment is reinstated, and the matter is remitted to the Supreme Court for further proceedings.

The defendant was arrested on December 16, 1991. He was arraigned on the indictment in the Supreme Court on January 23, 1992.

On March 31, 1992, defense counsel appeared at a conference in the Supreme Court and advised both the court and the prosecutor that the defendant "had information regarding [the] homicide [of Derrick Taylor] and that the person who committed the homicide was one of [the] complaining witnesses [in the present case]". The evidence establishes that this information was false. Several months later, on September 24, 1992, defense counsel appeared at another conference and advised the court and the prosecutor that another complaining witness in the present case "had signed a notarized statement stating that the defendant, Edward Sainvil, was not the shooter in this particular case". The defense counsel had not, as of the date of the hearing on the defendant's motion

pursuant to CPL 30.30, furnished a copy of this alleged statement.

The focal point of the defendant's CPL 30.30 motion was based on his claim that the period of time between March 31, 1992, and December 4, 1992, was chargeable to the People. The Supreme Court granted this motion. We reverse.

The evidence in the record supports the finding made by the Supreme Court that every adjournment of the proceedings which occurred between March 31, 1992, and December 4, 1992, was with the consent of the defendant's attorney. This is borne out by the hearing testimony and the court's own file, and is in large part conceded.

In sum, the period of delay in dispute in this case was excludable pursuant to CPL 30.30 (4) (b). The People demonstrated that the 6-month limit under CPL 30.30 (1) (a) had not yet run at the time the defendant moved to dismiss the indictment, and, therefore, the court erred in granting that motion.

We have considered the defendant's remaining contentions and find them to be without merit. Mangano, P. J., Bracken, Balletta and O'Brien, JJ., concur.